# IN THE COURT OF APPEALS OF IOWA

No. 19-1705
Filed March 17, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RAYMOND DEAN PERRY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Jason A. Burns, District Associate Judge.

Raymond Perry appeals the order imposing restitution for court-appointed attorney fees and court costs. **SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR RESENTENCING.**

John J. Bishop, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

The State charged Raymond Perry with operating while intoxicated and possession of a controlled substance. He entered a written plea agreement in which he pled guilty to both counts. In September 2019, the district court entered judgment and sentence, which included that Perry pay a fine "plus all applicable surcharges, court costs, attorney fees, and victim restitution, if any." The restitution portion of the judgment assessed Perry with court costs[1] and $60 for court-appointed attorney fees. On appeal, Perry claims the district court erred by ordering restitution without making a reasonable-ability-to-pay determination as to all potential restitution.[2]

A district court may only order restitution for court-appointed attorney fees and court costs after finding the defendant has a reasonable ability to pay. *State v. Albright*, 925 N.W.2d 144, 159 (Iowa 2019).[3] The order imposing judgment and

---

[1] The amount of court costs were not set out in the judgment. The clerk's docket sheet shows court costs of $100.

[2] We have jurisdiction to hear Perry's appeal under the good cause provision of section 814.6(1)(a)(3) (2020) because he is contesting the restitution order in his sentence and not his guilty plea. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

[3] Iowa Code chapter 910 was recently amended to presume a defendant has the ability to pay and shifts the burden to the defendant to request an ability-to-pay determination. *See* 2020 Iowa Acts ch. 1074, § 72 (to be codified at § 910.2A (2021)) (enacting portions of Senate File 457 and providing "[a]n offender is presumed to have the reasonable ability to make restitution payments for the full amount of category 'B' restitution"). However, our supreme court issued an order clarifying the recent amendments apply to defendants sentenced on or after June 25, 2020. *See* Iowa Supreme Ct. Supervisory Order, *In the matter of Interim Procedures Governing Ability to Pay Determinations and Conversion of Restitution Orders* ¶(C) (July 7, 2020) ("A defendant sentenced on or after June 25, 2020, shall be subject to the requirements of S.F. 457."). Perry's judgment and sentence order predates application of the amendment as it was entered on September 18, 2019.

sentence provides, "Public Defender fees are assessed at $60 unless a different amount has been certified. Based upon the record made, the court finds that defendant is reasonably able to pay up to $60 for reimbursement of court-appointed attorney fees." Because the order clearly indicates the court made a reasonable-ability-to-pay determination as to attorney fees, we affirm the attorney fees portion of the restitution order. But the district court made no reasonable-ability-to-pay determination in regard to the court costs assessed in the restitution order. We therefore vacate the provision assessing Perry court costs and remand to the district court to make a reasonable-ability-to-pay determination consistent with *Albright*.[4]

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR RESENTENCING.**

---

[4] We decline to wade "into the morass of whether SF 457 applies retroactively to cases on appeal prior to its enactment." *See State v. Hawk*, 952 N.W.2d 314, 319 (Iowa 2020).